UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ELLEN RIESS, | ) | CASE NO. CV 04-09769 (RZ) |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND |
| vs. | ) | ORDER |
| | ) | |
| JO ANNE B. BARNHART, Commissioner of Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

        Plaintiff's challenge to the denial of disability benefits rests on an October 29, 1998 opinion by her treating orthopedist, Charles Schwarz, M.D., stating that she should be precluded from "prolonged seated activities" and "prolonged standing and walking." She contends here that the Administrative Law Judge improperly rejected that part of Dr. Schwarz's assessments (while accepting others by him) in concluding, at step five of the sequential analysis, that she could perform alternate work. [AR 19-20] Plaintiff adds that the vocational expert testified that a claimant, otherwise similar to Plaintiff, who was limited to 30 minutes each of standing, walking or sitting per workday could not perform alternate work. [AR 82]

        Defendant responds with two sets of arguments, namely (1) that Dr. Schwarz's 1998 opinion predates Plaintiff's alleged onset date, and thus is immaterial, and (2) that substantial evidence supports the decision, including not only other evaluators' opinions

but also a 2002 opinion by Dr. Schwarz himself that, although otherwise quite similarly formatted to his 1998 opinion, included no restrictions on Plaintiff's ability to sit, stand or walk. [*Compare* AR 43 (1998 opinion) *with* AR 167 (2002 opinion)]

The Court agrees in part with Plaintiff. When faced with a claimant asserting disability onset in 1999, the Administrative Law Judge was required to explain why he preferred (1) Dr. Schwarz's 2002 opinion, along with other evidence, showing a less-restricted Plaintiff, over Dr. Schwarz's 1998 opinion reflecting significantly more restrictions. *See generally Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (rejection of treating physician's opinion requires statement of specific, legitimate reasons with substantial evidentiary support). Here, the Administrative Law Judge did not mention the 1998 opinion at all, and the Court therefore must remand to permit him to provide the required explanation. Defendant advances several reasons why the decision is substantively sound, but the Court need not and does not address them because it may look only to the grounds articulated in the underlying administrative opinion, not to the Commissioner's *post hoc* defenses of that opinion. *See Ceguerra v. Secretary of Health & Human Services*, 933 F.2d 735, 738 (9th Cir. 1991).

The Court disagrees with Plaintiff, however, that a remand would be pointless or unfair to her and therefore declines, in reversing, to direct an award of benefits.

\*         \*         \*

For the foregoing reasons, the decision of the Commissioner is reversed and the case is remanded for further proceedings consistent with this opinion.

DATED: March 16, 2006

*/s/ Ralph Zarefsky*
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE